IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| XAVIER TRIMAINE RASHAD LINEN, ) ) ) Plaintiff, ) ) vs. ) ) CPL. ELLIS; PFC WILLIAMS; ) ELIZABETH LAWSON; CPL. SAPP; ) PFC LONG; and CAPT. JERNIGAN, ) ) Defendants. ) ) | Case No.: 4:25-cv-07929-JD-KDW **ORDER** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 30), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report concerns Plaintiff Xavier Trimaine Rashad Linen's ("Plaintiff") failure to respond to Defendant Elizabeth Lawson's Motion to Dismiss for Failure to State a Claim (DE 28) and failure to prosecute.[1]

**A.    Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff, proceeding pro se and in forma pauperis, commenced this action under 42 U.S.C. § 1983 on July 21, 2025. (DE 1.) Following initial screening, the case was authorized for service. (DE 16.) Defendant Elizabeth Lawson thereafter filed a Motion to Dismiss for Failure to State a Claim. (DE 28.)

Because Plaintiff is proceeding without counsel, the Court issued a *Roseboro* order advising him of the nature of the motion and the necessity of filing a response. (DE 30.) Plaintiff failed to respond. The Court subsequently issued an order directing Plaintiff to advise whether he intended to continue prosecuting the action and to respond to the motion by November 30, 2025, expressly warning that failure to do so could result in dismissal. (DE 40.) Plaintiff again failed to respond or otherwise comply.

**B.     Report and Recommendation**

On December 8, 2025, the Magistrate Judge issued the Report recommending that this action be dismissed with prejudice as to Defendant Elizabeth Lawson. (DE 46.) In the Report, the Magistrate Judge carefully applied the factors governing dismissal under Rule 41(b), including Plaintiff's personal responsibility for the failure to prosecute, the prejudice to Defendant Lawson caused by the delay, Plaintiff's history of noncompliance, and the ineffectiveness of lesser sanctions. Based on Plaintiff's repeated failure to respond to court orders and apparent abandonment of his claims against Defendant Lawson, the Magistrate Judge recommends dismissal with prejudice as to that Defendant. (DE 46.)

## C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## D. Absence of Objections

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

E.  Conclusion

Accordingly, the Court ADOPTS the Report and Recommendation (DE 46) in its entirety and incorporates it herein by reference.

It is therefore ORDERED that this action is DISMISSED WITH PREJUDICE as to Defendant Elizabeth Lawson pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

                                            Joseph Dawson, III
                                            United States District Judge

Florence, South Carolina
January 28, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.