IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| XAVIER TRIMAINE RASHAD LINEN,<br><br>Plaintiff,<br><br>vs.<br><br>CPL. ELLIS; PFC WILLIAMS; CPL. SAPP; PFC LONG; and CAPT. JERNIGAN,<br><br>Defendants. | Case No.: 5:25-cv-07929-JD-KDW<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 76), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends dismissing Plaintiff Xavier Trimaine Rashad Linen's ("Plaintiff") remaining claims with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and denying Defendants' Motion to Seal (DE 63) as moot.[1]

**A. Background**

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action under 42 U.S.C. § 1983. Defendant Elizabeth Lawson was previously dismissed with

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

prejudice after Plaintiff failed to respond to her motion to dismiss and failed to comply with an order directing him to state whether he intended to continue prosecuting the claims against her. (DE 49.) The claims against Defendants Ellis, Williams, Sapp, Long, and Jernigan remained pending.

On March 16, 2026, the remaining Defendants filed a Motion for Summary Judgment (DE 62), supported by numerous affidavits, institutional records, and a video exhibit. They also filed a Motion to Seal the video exhibit (DE 63). Because Plaintiff is proceeding without counsel, the Magistrate Judge entered a *Roseboro* order explaining the summary judgment procedures and warning Plaintiff that an inadequate response could result in the motion being granted and the case ending. (DE 70.) The Report mistakenly identifies DE 63 as the *Roseboro* order; DE 63 is the Motion to Seal.

Plaintiff did not respond by the April 20, 2026, deadline. On April 28, 2026, the Magistrate Judge entered another order directing Plaintiff to advise the Court whether he wished to continue the case and to respond to the Motion for Summary Judgment by May 28, 2026. (DE 73.) That order expressly warned Plaintiff that failure to respond would result in a recommendation that the remaining action be dismissed with prejudice for failure to prosecute. Plaintiff again filed nothing. The Court's orders and the Report were mailed to the address Plaintiff provided after his release, and the docket reflects no returned mail.

## B. Legal Standard

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## C. Discussion

A court possesses inherent authority to dismiss an action for want of prosecution, and Rule 41(b) provides an express basis for dismissal when a plaintiff fails to prosecute or comply with a court order. *See Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019). In determining whether dismissal is appropriate, the Court considers: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately

proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d at 625. These considerations are not a rigid four-part test; the propriety of dismissal depends on the circumstances of the case and whether the Court exercises sound discretion. *Id.* at 625.

Each consideration supports dismissal here. First, Plaintiff bears personal responsibility for prosecuting this action because he is proceeding *pro se*. The relevant orders were mailed to the updated address he supplied, and none was returned as undeliverable. He nevertheless failed to respond to the dispositive motion, the detailed *Roseboro* order, the additional order directing a response, and the Report.

Second, Plaintiff's abandonment has prejudiced the remaining Defendants. They prepared a substantial dispositive submission addressing Plaintiff's numerous claims and supported it with extensive declarations, records, and video evidence. Plaintiff's unexplained silence left that motion pending and required Defendants and the Court to expend resources on litigation that Plaintiff no longer actively pursued.

Third, the noncompliance is not isolated. Plaintiff previously failed to respond to Defendant Lawson's motion to dismiss and then disregarded a separate order directing a response, resulting in dismissal of those claims with prejudice. Despite that consequence, Plaintiff repeated the same course with the remaining Defendants. The last filing received from Plaintiff was his September 9, 2025, notice of change of address.

Fourth, lesser sanctions have proven ineffective. The Court provided a detailed explanation of the summary judgment process, allowed the response period to expire,

afforded Plaintiff an additional month to respond, and expressly warned that continued noncompliance would result in dismissal with prejudice. None of those measures prompted a response. Plaintiff's *in forma pauperis* status also makes a monetary sanction unlikely to be effective. The Fourth Circuit has upheld Rule 41(b) dismissal when a party fails to respond to a specific directive from the court, and explicit warnings are highly significant in assessing the propriety of dismissal. *See Attkisson*, 925 F.3d at 625–27; *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989).

Balancing the policy favoring resolution on the merits against the need for orderly and expeditious administration of the docket, the Court concludes that Plaintiff has abandoned his remaining claims and that dismissal with prejudice is warranted. The dismissal rests on Plaintiff's failure to prosecute and failure to comply with the Court's orders—not on any inference that silence, standing alone, entitles Defendants to summary judgment.

**D. Pending Motions**

Because the remaining claims will be dismissed under Rule 41(b), Defendants' Motion for Summary Judgment (DE 62) is denied as moot. The Court does not reach the merits of that motion.

The Motion to Seal (DE 63) requires separate treatment. The Report recommends denying it as moot. The Court declines to adopt that recommendation at this time. The First Amendment right of public access generally attaches to motions for summary judgment and materials filed in connection with them. *See Doe v. Public Citizen*, 749 F.3d 246, 267–68 (4th Cir. 2014). When a sealing request is presented,

the Court must identify the source of the right of access, provide public notice and a reasonable opportunity to object, consider less drastic alternatives, and—if access is restricted—make specific findings supporting closure and rejecting narrower alternatives. *Id.* at 265–66, 272–73.

The video exhibit was submitted as a nonstandard item in support of the summary judgment motion. Although the Court has not considered and will not rely on that exhibit in deciding the remaining claims, dismissal of the action does not by itself resolve the public access question. Accordingly, DE 63 will remain pending and will be resolved by separate order.

Within fourteen (14) days after entry of this Order, Defendants shall file a supplemental memorandum, not exceeding ten pages, that: (1) identifies the source of the public right of access applicable to the video exhibit; (2) identifies with specificity the interest asserted to justify sealing; (3) explains why any proposed restriction is narrowly tailored; (4) addresses less restrictive alternatives, including redaction, limited-duration sealing, or filing a publicly accessible edited version; and (5) proposes the duration of any requested seal. Defendants shall also submit a proposed order containing document-specific findings. Pending resolution of DE 63, the Clerk shall maintain the nonstandard video exhibit under temporary seal. This temporary measure is administrative only and does not constitute a determination that continued sealing is warranted.

**E. Conclusion**

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (DE 76) as to dismissal of the remaining claims, as supplemented by this Order, and **DECLINES TO ADOPT** the recommendation that the Motion to Seal be denied as moot.

It is, therefore, **ORDERED** that Plaintiff's remaining claims against Defendants Ellis, Williams, Sapp, Long, and Jernigan are **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders.

Defendants' Motion for Summary Judgment (DE 62) is **DENIED AS MOOT**. Defendants' Motion to Seal (DE 63) remains pending subject to the supplemental-filing requirements stated above.

The Clerk is directed to enter judgment as to Plaintiff's remaining claims. The Court retains jurisdiction solely to resolve the collateral sealing issue presented by DE 63 and the custody of the nonstandard exhibit.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 17, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order and the accompanying judgment within thirty (30) days from the date of entry under Rules 3 and 4 of the Federal Rules of Appellate Procedure.